SHIVA SHIRAZI DAVOUDIAN, Bar No. 232771
sdavoudian@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorney for Defendant
THE NEIMAN MARCUS GROUP LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SANAA GUIRGUIS, an individual, | Case No. 2:19-cv-00901-CJC-FFM |
| Plaintiff, | *[Assigned for All Purposes to The Honorable Judge Cormac J. Carney]* |
| v. | **DECLARATION OF SHIVA SHIRAZI DAVOUDIAN IN SUPPORT OF DEFENDANT THE NEIMAN MARCUS GROUP LLC'S MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION** |
| THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company; MARK OSHIMA, an individual; and DOES 1 through 10, inclusive, | |
| Defendant. | Hearing Date: March 18, 2019<br>Time: 1:30 p.m.<br>Courtroom: 7C |

I, Shiva Shirazi Davoudian, hereby declare and state as follows:

1.  I am a shareholder with the law firm of Littler Mendelson, a Professional Corporation, counsel of record for Defendant The Neiman Marcus Group ("NMG"), in the above-entitled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am the attorney responsible for representing NMG in this action. All of the information contained herein is based upon my personal and firsthand knowledge unless otherwise indicated and if called and sworn as a witness, I could and would competently testify thereto.

2.  On January 15, 2019, I conferred telephonically with Plaintiff's counsel Azad Marvazy and advised that Plaintiff Sanaa Guirguis ("Plaintiff") had signed the arbitration agreement with NMG and requested that Plaintiff submit her claims to binding arbitration. That same day, I also conferred with Mr. Marvazy and his co-counsel Alireza Alivandivafa in writing and provided copies of the arbitration agreements that Plaintiff signed in 2007 and the operative Arbitration Agreement that Plaintiff electronically signed in 2013 (the "Arbitration Agreement"). True and correct copies of the January 15 e-mail and letter to Plaintiff's counsel are attached hereto as **Exhibits A and B**, respectively.

3.  On January 17, 2019, Plaintiff's counsel responded by erroneously arguing that "[t]he purported 'agreement' you've sent us is clearly contrary to California law on the issue" and cited *Pinela v. Neiman Marcus Group, Inc.*, 238 Cal. App. 4th 227 (2015) ("*Pinela*") in support of his contention. A true and correct copy of Plaintiff's counsel's January 17 e-mail is attached hereto as **Exhibit C**.

4.  On January 23, 2019, I again conferred with Plaintiff's counsel and explained that *Pinela* was not applicable because it addressed the enforceability of a prior version of NMG's arbitration agreement not at issue here because the Arbitration Agreement executed by Plaintiff in 2013 does not contain the objectionable terms discussed in *Pinela* and therefore, the Arbitration Agreement is binding and

enforceable. To facilitate arbitration without resort to litigation, I again enclosed a copy of the Arbitration Agreement and provided copies other courts' orders which upheld and enforced the same version of the Arbitration Agreement that Plaintiff signed and is at issue here. I also renewed NMG's request that Plaintiff submit her claims to binding arbitration pursuant to the Arbitration Agreement. A true and correct copy of the January 23, 2019 letter with enclosures is attached hereto as **Exhibit D**.

5. On January 25, 2019, Plaintiff's counsel responded, again refusing to agree to arbitrate this matter. A true and correct copy of Plaintiff's counsel's January 25 e-mail is attached hereto as **Exhibit E**.

6. On February 4, 2019, I again conferred with Plaintiff's counsel and advised that "the 2013 Arbitration Agreement that your client signed does not include the provisions that were previously found objectionable by the various courts." A true and correct copy of my February 4, 2019 e-mail to Plaintiff's counsel is attached hereto as **Exhibit F**.

7. As of the date of this motion, Plaintiff's counsel has not agreed to submit her claims to arbitration despite entering into the valid and enforceable Arbitration Agreement.

8. On February 13, 2019, I checked the docket for this matter on the Superior Court for the County of Los Angeles' website, and since the Superior Court for the County of Los Angeles' docket does not presently include a proof of service of

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  the Summons and Complaint on Defendant Mark Oshima, it appears that Mr. Oshima
2  has not yet been served in this matter.
3       I declare under penalty of perjury under the laws of the United States of
4  America and the State of California that the foregoing is true and correct.
5       Executed this 13th day of February, 2019 at Los Angeles, California.

                                          */s/ Shiva Shirazi Davoudian*
                                          SHIVA SHIRAZI DAVOUDIAN

FIRMWIDE:162309595.3 081245.1086

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4.