# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SANAA GUIRGUIS,<br><br>        Plaintiff,<br><br>    v.<br><br>THE NEIMAN MARCUS GROUP LLC, MARK OSHIMA, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: CV 19-00901-CJC(FFMx)<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 17] |

## I. INTRODUCTION

Plaintiff Sanaa Guirguis brings this lawsuit against Defendants The Neiman Marcus Group LLC ("Neiman Marcus"), Mark Oshima, and Does 1 through 10, alleging a number of claims under California employment law. (Dkt. 1-2 [Complaint, hereinafter

"Compl."].) Before the Court is Plaintiff's motion to remand the case to Los Angeles Superior Court. (Dkt. 17.) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

In August 2005, Neiman Marcus hired Plaintiff to work as a sales associate in designer handbags. (Compl. ¶ 7.) Plaintiff was allegedly an exemplary employee who performed her job well. (*Id.*) In 2015, Plaintiff got a new supervisor, Mark Oshima, who purportedly "began to immediately harass, discriminate, and retaliate against her based on her age." (*Id.* ¶ 8.) Plaintiff allegedly made numerous complaints to supervisory and managerial employees, but the harassment, discrimination, and retaliation continued. (*Id.* ¶ 9.)

In September 2016, Plaintiff was forced to take a medical leave of absence due to the stress she encountered in the workplace. (*Id.* ¶ 10.) In early December 2016, Plaintiff returned to work for nine days, but she was then forced to take an additional medical leave of absence. (*Id.* ¶ 11.) In November 2017, Plaintiff was released to return to work with medical restrictions. (*Id.* ¶ 12.) Defendants, however, refused to return Plaintiff to her previous position, or to a similarly situated position, and ultimately terminated her employment on January 5, 2018. (*Id.* ¶ 13.)

On December 4, 2018, Plaintiff filed this lawsuit in Los Angeles Superior Court. (Dkt. 1-1.) Plaintiff asserts causes of action against Neiman Marcus for (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), (2) retaliation in violation of FEHA, (3) harassment in violation of FEHA, (4)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 15, 2019 at 1:30 p.m. is hereby vacated and off calendar.

failure to prevent discrimination and harassment, (5 & 6) failure to provide reasonable accommodation, and (7) wrongful termination in violation of public policy. (Compl. ¶¶ 15–73.) She asserts a cause of action against Oshima for harassment in violation of FEHA. (*Id.* ¶¶ 31–38.) On February 6, 2019, Neiman Marcus removed the case to federal court, asserting diversity jurisdiction and contending that Oshima had been fraudulently joined. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)

## III. ANALYSIS

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a).

The parties dispute whether there is diversity of citizenship. Plaintiff is a California resident. (Compl. ¶ 1.) Defendant Neiman Marcus is a citizen of Delaware and Texas. (*See* NOR ¶¶ 14–18.) Defendant Oshima is a citizen of California. (Compl. ¶ 3.) Defendants, however, assert that the Court should not consider Oshima's citizenship because he was fraudulently joined. (*Id.*) Plaintiff disagrees, contending the Court must remand this action and award attorneys' fees for the costs of removal.

//

A. Fraudulent Joinder

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the diversity requirement "where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted). Here, Defendants assert fraudulent joinder based on Plaintiff's inability to establish a cause of action against Oshima. In such circumstances, "[j]oinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hunter*, 582 F.3d at 1043 (alterations omitted) (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).

Defendants have not carried their burden of showing that Plaintiff obviously fails to state a cause of action against Oshima. Plaintiff brings a claim against Oshima for harassment in violation of FEHA. (Compl. ¶¶ 31–38.) In support of this claim, Plaintiff alleges that Oshima harassed, discriminated, and retaliated against her based on her age. (*Id.* ¶ 8.) In her complaint to the California Department of Fair Employment and Housing, which Plaintiff attaches to her Complaint, Plaintiff further alleges that she is sixty-eight years old and that "[t]he harassment, discrimination, and retaliation against [Plaintiff] has taken numerous forms, including, but not limited to, denial of promotion,

demotion, denial of a work environment free of discrimination and retaliation, denial of [her] employment benefits or privileges, forced transfer, denial of reasonable accommodation of [her] disability, denial of a good faith interactive process, failure to receive equal consideration in employment decisions, and ultimately, [her] wrongful termination." (*Id.* Ex. A.)

Defendants fail to show that there is no possibility that FEHA might impose liability on Oshima for harassment. Under FEHA, is it unlawful "[f]or an employer . . . or any other person, because of . . . age . . . to harass an employee." Cal. Gov't Code § 12940(j)(1). Harassment in the workplace consists of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Harassing conduct takes place "outside the scope of necessary job performance," and is "presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). "[H]arassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009). Personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments do not inherently constitute unlawful harassment. *Reno*, 18 Cal. 4th at 646-47. But "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message. This occurs when the actions establish a widespread pattern of bias." *Roby*, 47 Cal. 4th at 709.

Plaintiff's allegations demonstrate that there is a possibility that Plaintiff can state a claim against Oshima for harassment. Plaintiff alleges that Oshima began to

harass her based on her age, starting in 2015. (Compl. ¶ 8.) Plaintiff does not describe the harassment in significant detail, but she alleges that age-related harassment from Oshina and other associates caused her a substantial level of stress and forced her to take a medical leave of absence in September 2016. (*Id.* ¶ 10.) She further alleges that Oshima refused to return Plaintiff to her previous position after her medical leave of absence and ultimately terminated her based on her age. While some of these actions appear to be taken in the context of personnel-related decisions, they could also have the "secondary effect of communicating a hostile message." *Roby*, 47 Cal. 4th at 709.

Defendants contend that Plaintiff cannot establish any severe or pervasive conduct by Oshima within the relevant limitations period. Plaintiff filed her Complaint on December 8, 2017, so her harassment claim is limited to contact that occurred on or after December 8, 2016. *See* Cal. Gov't Code § 12960(d). Based on Neiman Marcus's records, Plaintiff worked only on December 8th, 9th, and 10th during this time period. When harassment occurs over a short period of time, it must be extremely severe to be actionable. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609–12 (1989); *Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir. 1991) (discussing, in the Title VII context, "that the required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct"). Defendants, however, have not proved that it would be impossible for FEHA to impose liability for harassment within a three-day period. According to the Complaint, the harassment was so severe that Plaintiff was forced to take an additional medical leave of absence until November 2017. (Compl. ¶¶ 11–12.)

In light of the presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566, Defendants have failed to show that Oshima was fraudulently joined. Because the fraudulent joinder exception to the diversity requirement does not apply, the parties in this action are not completely diverse and this Court lacks subject matter jurisdiction.

The action was improperly removed and must be remanded to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### B. Attorneys' Fees

Plaintiff also seeks reasonable costs and attorneys' fees associated with the case's removal to federal court. A court may, at its discretion, award reasonable costs and attorneys' fees incurred as a result of removal. 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court declines to exercise its discretion to award attorneys' fees. Here, the three-day statutory period for Plaintiff's harassment claim, plus the requirement that harassment be severe or pervasive when it occurs over a short period of time and Plaintiff's cursory allegations in the Complaint, provided an objectively reasonable basis for Defendants to believe that Oshima was fraudulently joined.

//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. The Court hereby **REMANDS** this case to Los Angeles Superior Court. Since the Court lacks jurisdiction over this action, Defendants' motion to compel arbitration is **DENIED AS MOOT**.

DATED: April 8, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE